[No. 3948.]

The City of Denver v. The Denver Union Water Co.

Jurisdiction—Franchise—Water Company.

Where an incorporated water company has a franchise to lay pipes for a water system in the streets and alleys of a city, and contracts with the city to furnish water at certain rates of certain quality and purity and to maintain certain pressure at fire hydrants, an action by the city against the company to enforce this contract does not involve a franchise so as to give the supreme court jurisdiction on appeal.

*Appeal from the District Court of Arapahoe County.*

*Motion to Dismiss Appeal.*

Mr. W. Henry Smith, for appellant.

Mr. Charles J. Hughes, Jr., for appellee.

Per Curiam.   The motion of appellee to dismiss the appeal is based upon three grounds : first, this court is without jurisdiction over it; second, the judgment below, being partly in favor of appellant, no appeal lies therefrom to any court; third, the appellant has not filed its printed brief within the time prescribed by our rules.

The last two grounds will not be passed upon, for this court is without jurisdiction to entertain the appeal, and this absence of jurisdiction forbids an inquiry into any other question, and the only order to be made is one dismissing the appeal.

It appears from the pleadings that the city of Denver passed an ordinance permitting appellee, or its predecessor, to lay in its streets and alleys pipes for a water system, and that, by virtue of the terms of a contract contained in the ordinance, the appellee water company, as it is claimed, was obliged to furnish to the inhabitants of the city water at cer-

tain rates, of a certain quality or purity, and to maintain at fire hydrants located on its pipe line system a certain pressure for fire purposes. The avowed object of this action by the city was to compel a performance by the water company of the obligations it assumed under these three provisions.

The only ground of jurisdiction claimed by appellant is that the action involves or relates to a franchise. It is said that the right or privilege of a corporation to exist and do business as a corporation is a franchise, which is unquestionably true, and that the supplying of water for the inhabitants of a city, the agreement to maintain the same up to a certain standard of purity, to furnish and maintain a specified pressure for fire purposes, are, each and all, public duties or functions undertaken by the water company, and that the doing of these things constitute franchises, and that these franchises are involved in the present controversy.

If it be assumed that appellant's contention is right, and that what it claims as franchises are such, we are entirely clear that they are not here involved. The sole object of the action was to enforce a performance by the defendant of its covenants under the contract contained in the ordinance, and no franchise of the water company is involved in the sense that it will be impaired by any decree that can be, or was, rendered in the action. That this would be so, if the defendant were a natural person, is clear. The fact that defendant is a corporation does not change or affect the result. If this suit involves, or relates to, a franchise in the meaning of the word as employed in our act conferring jurisdiction on appellate courts, then every action against a corporation relates to a franchise, and no one would make such a contention.

Motion granted and appeal dismissed.